(Superior Court of Cincinnati.)

General Term, March, 1897.

CALVIN M. FENNER v. THE CITY OF CINCINNATI.

*Notice as to appropriation of easement for a slope to support street*—The plaintiff, who was the owner of property abutting upon a street which the city sought to improve, re-ceived from the city authorities, in the cause of the proceedings made necessary by the statute, the following notice :

"You are hereby notified that the city council of the city of Cincinnati has, by resolution adopted Febrary 20, 89, declared it necessary to improve Baltimore avenue, from Western avneue to Casper street, by grading, setting curbs, and crossings, flag-ging gutters, building the roadway and con-structing the necessary culverts, drains and retaining walls.

"The costs thereof will be assessed per front foot on the property boundnig and abutting thereon according to the laws and ordinances on the subject of assessments."

Held : That this notice was not sufficient to inform the plaintiff that the city contem-plated appropriating an easement in his

property for the purpose of a slope which would support the street; and therefore by failure to file a claim for such damages the plaintiff did not forfeit his right to recover the same.

### SMITH, J.

This is a proceeding in error to reverse a judgment of the court in special term.

The plaintiff is the owner of a piece of property on the north side of Baltimore pike, and sues the city for damages resulting to his property for the improvement of said treet in 1893.

He bases his claim for damages upon three grounds:

First—A change of grade. Second--Neglect in construction of the work. Third—The appropriation of an easement in a part of the property of plaintiff for the construction of a slope to support the street.

The city makes two defenses: (a) That the plaintiff, after receiving notice from the city that it intended to improve the street, failed to file a claim for damages as required by statute; (b), That the plaintiff suffered no damage.

At the conclusion of the testimony the court instructed the jury to return a verdict for the city.

It appears from the testimony that in 1883 the plaintiff had constructed a dwelling house on his property with reference to the grade of the street which had been sued and established for twenty years; that in 89 the city passed a resolution to improve the street, and gave a notice to that effect to the plaintiff, and that the plaintiff did not file a claim for damages within two weeks of the service of such notice.

The notice served upon plaintiff by the city read as follows:

"Office Board of City Affairs.
"Cincinnati, March, 89.

"Calvin M. Fenner: You are hereby notified that the City Council of the city of Cincinnati has, by resolution, adopted February 20, 89, declared it necessary to improve Baltimore avenue from Western avenue to Casper street, by grading, setting curbs and crossings, flagging gutters, bouldering the roadway and constructing the necessary culverts, drains and retaining walls.

"The costs thereof will be assessed per front foot on the property bounding and abutting thereon according to the law and ordinances on the subject of assessments.

"Louis C. Reemelin,
"President B. P. I.
"D. W. Brown, Clerk B. P. I.

"Theo. B. Armstrong, Notice Clerk."

We are of the opinion, however, that the notice given in this case was not sufficient to inform the plaintiff that the city contemplated appropriating any easement in his property, and that the plaintiff, therefore, by failure to file a claim for such damages, did not forfeit his right to recover the same. The notice nowhere expressly informs him of any intention to improve the property; indeed, the express notice that the improvement was to be by way of "grading, setting curbs and crossings, flagging gutters, bouldering the roadway, and constructing the necessary culverts, drains and retaining walls," would naturally exclude the idea that any other kind of work was to be done; and the fact that retaining walls were to be built would naturally give the impression that the street was to be sustained, if at all, by retaining walls. We see nothing in this notice that could be said fairly to put one upon inquiry as to whether a slope was to be built which would occupy his land and appropriate an easement therein. And especially should this be the construction of the notice, in view of the provision of section 2327, Revised Statutes, that "the proceedings shall be strictly construed in favor of the owner of the property assessed or injured, as to the limitations on assessments of private property and compensation for damages sustained."

Whether the plaintiff was entitled to recover any damages upon the first two grounds of his complaint, or not, in our opinion he was entitled to recover the value of the easement appropriated, and therefore the case should have been submitted to the jury to determine the value of the easement appropriated. As to the other questions argued in the case, as the record does not contain all the proceedings in the matter of the improvement of the street, no opinion is expressed upon such question.

Hunt and Hollister, JJ., concur.

Edward Dienst, Charles M. Miller, for Plaintiff.

Frederick Hertenstein, Corporation Counsel, contra.